UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-3470-AMS

UNITED STATES OF AMERICA

vs.

ANTONIO DE JESUS MUNOZ RODRIGUEZ and
ANGEL OMAR PEREZ,

      Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __x__ No

      Respectfully Submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

By: _____
      Monique Botero
      Assistant United States Attorney
      Florida Bar No. 722286
      99 Northeast 4th Street, Suite 700
      Miami, Florida 33132
      (305) 961-9427/(305) 536-7213(fax)
      Monique.Botero@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ANTONIO DE JESUS MUNOZ-RODRIGUEZ and<br>ANGEL OMAR PEREZ,<br><br>*Defendant(s)* | Case No. 12-3470-AMS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 30, 2012** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846. | Antonio De Jesus Munoz-Rodriguez and Angel Omar Perez, did knowingly and intentionally conspire to possess with the intent to distribute more than 500 grams of a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher C. Smith, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/31/2012

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christopher Smith, being duly sworn, depose and state:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 21 of the United States Code. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since June 2004. As a DEA special agent, I investigate violations of the federal narcotics laws under Title 21 and have conducted numerous investigations of persons involved in, and associated with, narcotics trafficking.

2. The information in this affidavit is based on my personal knowledge, including surveillance and my review of documents, as well as information provided to me by others, including a cooperating defendant and other law enforcement officials. I am fully aware of the facts and circumstances of this investigation, as I have coordinated and significantly participated in conducting it.

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Antonio De Jesus MUNOZ-RODRIGUEZ and Angel Omar PEREZ for violating Title 21, United States Code, Section 846, in that, Antonio De Jesus MUNOZ-RODRIGUEZ and Angel Omar PEREZ, did knowingly and intentionally conspire to possess with the intent to distribute more than 500 grams of a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation.

4. On October 25, 2012, agents and task force officers with DEA Miami, supported by Detectives with the Homestead Police Department and Miami Dade Police Department, conducted a buy walk operation utilizing a cooperating defendant, hereinafter referred to as the

CD. On the same date, surveillance observed MUNOZ-RODRIGUEZ meet with Angel Omar PEREZ in Miami, Florida. Following the meeting between MUNOZ-RODRIGUEZ and PEREZ, the CD met with MUNOZ-RODRIGUEZ in Miami, FL, as observed by surveillance, and purchased approximately 145 grams of suspected cocaine from MUNOZ-RODRIGUEZ for $6,500 USC (official advanced funds). In addition, the CD purchased two (2) handguns from MUNOZ-RODRIGUEZ. Surveillance was maintained on the CD following the meeting with MUNOZ-RODRIGUEZ. The CD met with Special Agents of DEA, and the CD relinquished custody of the suspected cocaine and weapons to the agents. The CD and the CD's vehicle were searched before and after the transaction. Both searches met with negative results. Following the meeting between the CD and MUNOZ-RODRIGUEZ, surveillance observed MUNOZ-RODRIGUEZ again meeting with PEREZ in Miami, Florida. On the same date, the suspected cocaine was secured in the DEA Miami Overnight Drug Evidence Vault. On October 29, 2012, DEA agents retrieved the suspected cocaine from the drug evidence vault and field tested the suspected cocaine. The substance tested positive for the presence of cocaine. The weapons, which initial research determined to be stolen, were turned over to agents with the ATF.

5. On October 30, 2012, the CD arranged a meeting with MUNOZ-RODRIGUEZ at RODRIGUEZ' residence to purchase one kilogram of cocaine. Through series of recorded telephone calls, MUNOZ-RODRIGUEZ told the CD that his source of supply (SOS) had to deliver the kilogram of cocaine to MUNOZ-RODRIGUEZ's residence located at 16915 SW 137th Passage, Miami, Florida. RODRIGUEZ-MONUZ told the CD that he would call the CD ounce he (MUNOZ-RODRIGUEZ) had the kilogram of cocaine in his possession and the CD could meet MUNOZ-RODRIGUEZ to purchase the kilogram of cocaine. Later that evening, PEREZ delivered the kilogram of cocaine in a white Mercedes Benz bearing Florida tag BGC-

2

Z76 to MUNOZ-RODRIGUEZ. PEREZ retrieved a bag from the trunk of the Mercedes and walked up to the front door of the residence greeted by MUNOZ-RODRIGUEZ. MUNOZ-RODRIGUEZ and PEREZ went inside the residence. A short time later, PEREZ exited the residence and walked back to his Mercedes. PEREZ left the area followed by surveillance.

6. On that same date, following the delivery from PEREZ, MUNOZ-RODRIGUEZ called the CD and instructed the CD to come to his residence to look at the kilogram before the CD purchased it. The CD arrived at MUNOZ-RODRIGUEZ's residence, as observed by surveillance. Once at the residence, the CD made a telephone call to MUNOZ-RODRIGUEZ to inform him that the CD was waiting outside. MUNOZ-RODRIGUEZ retrieved the kilogram from inside his residence and walked outside and handed it to the CD. After the CD inspected the kilogram of cocaine, the CD handed it back to MUNOZ-RODRIGUEZ. MUNOZ-RODRIGUEZ secured the kilogram back inside the residence and returned back outside to talk with the CD. At this time, MUNOZ-RODRIGUEZ was arrested without incident. MUNOZ-RODRIGUEZ was armed with a handgun at the time of the arrest. During the arrest of MUNOZ-RODRIGUEZ, law enforcement could observe the kilogram in plain view immediately inside the front door which MUNOZ-RODRIGUEZ had left open. Law enforcement performed a protective sweep of the residence for any additional people with negative results. Following the protective sweep, law enforcement obtained a signed written consent from MUNOZ-RODRIGUEZ to search his residence. Law enforcement seized the kilogram of cocaine. Later that night, law enforcement performed a field test of the kilogram of cocaine and received positive results. At approximately the same time, law enforcement conducted a traffic stop on the white Mercedes and arrested PEREZ without incident in the parking lot of Publix on SW 137th Ave, Miami, Florida.

7. Later that night, DEA advised MUNOZ-RODRIGUEZ of his rights per *Miranda*. MUNOZ-RODRIGUEZ waived his rights, and post-*Miranda*, admitted to possession and distribution of a "kilo" to the CD. In addition, MUNOZ-RODRIGUEZ admitted to distributing approximately five (5) ounces of cocaine and two firearms to the CD on October 25, 2012. MUNOZ-RODRIGUEZ told law enforcement he received the two firearms from PEREZ.

8. At approximately the same time, DEA advised PEREZ of his rights per *Miranda*. PEREZ waived his rights, and post-*Miranda*, admitted to distributing the kilo to MUNOZ-RODRIGUEZ at his (MUNOZ-RODRIGUEZ') residence.

9. Based upon the foregoing information, your affiant respectfully submits that probable cause exists to arrest the defendants, Antonio De Jesus MUNOZ-RODRIGUEZ and Angel Omar PEREZ for violating Title 21, United States Code, Section 846, that is, Antonio De Jesus MUNOZ-RODRIGUEZ and Angel Omar PEREZ, did knowingly and intentionally conspire to possess with the intent to distribute more than 500 grams of a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine

FURTHER AFFIANT SAYETH NAUGHT

CHRISTOPHER C. SMITH
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this 31 day of October 2012.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

5